Ferial Karen ARDALAN,
Plaintiff—Appellant,

v.

**MONTEREY INSTITUTE OF INTERNATIONAL STUDIES;** et al., Defendants—Appellees.

No. 04–16232.

United States Court of Appeals,
Ninth Circuit.

Submitted July 11, 2005.*

Decided July 13, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Dana L. Peterson, Esq., Adrienne E. Nelson, Esq., Seyfarth Shaw, LLP, San Francisco, CA, for Defendants–Appellees.

Before: SCHROEDER, Chief Judge, RAWLINSON and BYBEE, Circuit Judges.

### MEMORANDUM **

Ferial Karen Ardalan appeals pro se the district court's partial dismissal and partial summary judgment in favor of the Monterey Institute of International Studies ("MIIS") and several employees and officers ("individual defendants"), in this action alleging gender, age, race and national origin discrimination and other civil rights violations arising from MIIS's refusal to hire Ardalan as a project manager or curriculum developer. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim, *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir.1994) (per curiam), and grant of summary judgment, *id.* at 815. We affirm.

█ The district court properly dismissed Ardalan's claims under Title VII and the Age Discrimination in Employment Act ("ADEA") against the individual defendants. *See Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587–88 (9th Cir.1993) (individual employees cannot be held liable for damages under Title VII and ADEA).

█ The district court properly dismissed Ardalan's First and Fourteenth Amendment claims brought under 42

Ferial Karen Ardalan, Pacific Grove, CA, pro se.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

U.S.C. § 1983, because she did not allege facts showing state action or action under color of state law by MIIS, a private college. *See Rendell–Baker v. Kohn*, 457 U.S. 830, 837–42, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982).

■ The district court properly dismissed Ardalan's whistleblower retaliation claims because she was not employed by MIIS and therefore could not show that she suffered an adverse change in the terms or conditions of her employment. *See, e.g., Brooks v. City of San Mateo*, 229 F.3d 917, 928–29 (9th Cir.2000); *Akers v. County of San Diego*, 95 Cal.App.4th 1441, 1455, 116 Cal.Rptr.2d 602 (2002).

■ The district court properly granted summary judgment on Ardalan's Title VII and ADEA discrimination claims against MIIS because Ardalan failed to establish a prima facie case. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Ardalan did not offer evidence showing that she was qualified for the project manager position or that MIIS kept open the project manager position and sought others with Ardalan's qualifications, and therefore failed to satisfy the second and fourth prongs of *McDonnell Douglas. See id.*

■ Similarly, Ardalan did not submit evidence showing that her application established that she was qualified for the curriculum developer position, and therefore failed to satisfy the second prong of *McDonnell Douglas. See id.* Moreover, Ardalan's gender discrimination claim failed because she did not show that similarly-situated males were treated more favorably. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002). On the contrary, it was undisputed that MIIS hired two women and one man as curriculum developers, that the project manager position was filled by a woman, and that the hiring decisions were made by a woman. Similarly, Ardalan's national origin discrimination claim failed because it was undisputed that all of the curriculum developer positions were filled by Iranian–Americans from the same protected class as Ardalan. *See Chuang v. Univ. of California Davis*, 225 F.3d 1115, 1123 (9th Cir.2000).

The district court properly granted summary judgment on Ardalan's 42 U.S.C. § 1981 racial discrimination claim because she did not establish a prima facie case. *See Gay v. Waiters' and Dairy Lunchmen's Union*, 694 F.2d 531, 538 (9th Cir. 1982) (prima facie case in a Title VII disparate treatment case "is nearly identical to the inquiry necessary in a section 1981 case.").

The district court properly granted summary judgment on Ardalan's 42 U.S.C. § 1985(3) claim because she failed to show any violation of her civil rights. *See Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 372, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979) ("Section 1985(3) provides no substantive rights itself; it merely provides a remedy for violation of the rights it designates.").

Without a viable claim under section 1985, Ardalan's section 1986 claim must also fail. *See Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1040 (9th Cir.1990) ("A violation of section 1986 . . . depends on the existence of a valid claim under 1985.").

Ardalan's remaining contentions, including those regarding discovery issues, are also without merit.

We grant Ardalan's request to file the additional citations received on February 11, 2005, and the clerk is ordered to file this document.

AFFIRMED.